IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BRICKWOOD CONTRACTORS, INC., Plaintiff, | No. 05-271C |
| v. | HONORABLE CHIEF JUDGE DAMICH |
| THE UNITED STATES, Defendant. | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Brickwood Contractors, Inc. ("Brickwood") complains of defendant United States of America and for its amended claim of relief against defendant states as follows:

## I. NATURE OF ACTION

1. This is a suit brought under the Contract Disputes Act by a contractor appealing the final decisions of the Contracting Officer denying the contractor's claims for payment of an invoice submitted pursuant to a government contract, costs incurred due to differing site conditions, costs incurred due to changes, and costs incurred due to the government's interference with plaintiff's ability to perform on the contract.

## II. PARTIES

2. Plaintiff is Brickwood, a Virginia corporation with its principal place of business in Manassas, Virginia.

3. Defendant is the United States of America acting by and through its authorized agents of the United States Department of Justice, Federal Bureau of Prisons.

## III. JURISDICTION AND VENUE

4. The court has jurisdiction over this action and venue is proper pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601-613.

## IV. BACKGROUND

5. On or about July 25, 2003, the defendant, acting by and through the United

States Department of Justice, Federal Bureau of Prisons, Northeast Regional Contracting Office, awarded Contract No. J20802c-011 ("Contract") to Brickwood.

6. Pursuant to the Contract, Brickwood was to provide all materials, supplies, manpower, equipment, and expertise necessary to repair and repaint a 500,000 gallon water storage tank located at the Federal Correctional Institution Loretto. As awarded, the contract price was $769,998.00.

7. The Contract incorporates by reference the following clauses which are relevant to this dispute:

FAR 52.232-5, Payments under Fixed-Price Construction Contracts (Sep. 2002);
FAR 52.233-1, Disputes (Alternate 1 Dec. 1991) (Jul. 2002);
FAR 52.236.2, Differing Site Conditions (Apr. 1984);
FAR 52.243-4, Changes (Aug. 1987).

8. On or about November 11, 2004, Brickwood submitted Invoice No. 07-Revised to the United States for payment. That invoice requested progress payment in the amount of $83,580.76.

9. By letter dated November 24, 2004, defendant rejected Brickwood's Invoice No. 07-Revised for payment. As a result, the defendant refused to pay any of the amount requested by Brickwood in that progress payment request.

10. By letter dated December 7, 2004, Brickwood submitted to the government a certified claim for payment of Brickwood's Invoice No. 07-Revised in the amount of $83,580.76.

11. More than 60 days have passed since Brickwood submitted its claim for payment of Brickwood's Invoice No. 07-Revised in the amount of $83,850.76 and defendant has failed or refused to issue a final decision on Brickwood's claim.

**CAUSE OF ACTION -- BREACH OF CONTRACT**

**FAILURE TO PAY INVOICE**

12. Brickwood incorporates by reference paragraphs 1-11 of the Complaint as if

fully set forth herein.

13. Pursuant to FAR 52.232-5, defendant is obligated to make progress payments to Brickwood as work proceeds based on proper invoices submitted by Brickwood.

14. Invoice No. 07-Revised submitted by Brickwood is a proper progress payment request, in form and content.

15. Brickwood is entitled to payment of Invoice No. 07-Revised by the government.

16. The refusal by the government to pay Invoice No. 07-Revised violates the government's obligations under the Payments Clause of the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**DIFFERING SITE CONDITION**

17. Brickwood incorporates by reference paragraphs 1-16 of the Complaint as if fully set forth herein.

18. On or about June 23, 2004, Brickwood encountered a differing site condition when constructing the temporary water tank.

19. By letter dated June 23, 2004, Brickwood notified the defendant of the differing site condition at the temporary tank.

20. Brickwood incurred additional costs due to the differing site condition.

21. The defendant refused to pay Brickwood for the additional costs.

22. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

23. By letter dated February 16, 2005, the government denied Brickwood's claim.

24. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**UNABSORBED HOME OFFICE OVERHEAD**

25. Brickwood incorporates by reference paragraphs 1-24 of the Complaint as if

fully set forth herein.

26. On or about June 23, 2004, Brickwood encountered a differing site condition at the temporary water tank. The Government did not respond to the differing site condition until September 2004.

27. The government's delay in responding to the differing site condition pushed construction work past the working season and requires Brickwood to return in May of 2005 to complete the work.

28. Brickwood could not perform work during the construction season and the winter season and incurred unabsorbed home office overhead.

29. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

30. By letter dated February 16, 2005, the government denied Brickwood's claim.

31. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**IDLE EQUIPMENT**

32. Brickwood incorporates by reference paragraphs 1-31 of the Complaint as if fully set forth herein.

33. On or about June 23, 2004, Brickwood encountered a differing site condition at the temporary water tank. The Government did not respond to the differing site condition until September 2004.

34. The government's delay in responding to the differing site condition delayed work performance and pushed construction work past the working season. Brickwood must return in May of 2005 to complete the work.

35. Brickwood could not perform work during the construction season or the winter season and incurred costs for idle equipment.

36. By letter dated January 7, 2005, Brickwood submitted to the government a

certified claim for payment.

37. By letter dated February 16, 2005, the government denied Brickwood's claim.

38. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**EXTENDED FIELD OVERHEAD**

39. Brickwood incorporates paragraphs 1-38 of the Complaint as if fully set forth herein.

40. During construction, Brickwood encountered changes, including changes at the Chlorine Building.

41. Brickwood submitted requests for information to the government which were either ignored or insufficiently answered.

42. Brickwood incurred damages due to the government's responses, or lack thereof.

43. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

44. By letter dated February 16, 2005, the government denied Brickwood's claim.

45. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**ERECT & DISMANTLE TEMPORARY TANK**

46. Brickwood incorporates paragraphs 1-45 of the Complaint as if fully set forth herein.

47. On or about June 23, 2004, Brickwood encountered a differing site condition at the temporary water tank. The Government did not respond to the differing site condition until September 2004.

48. As a result of the differing site condition and the government's response to the same, Brickwood was required to erect and dismantle the temporary water tank on multiple

occasions and incurred additional costs.

49. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

50. By letter dated February 16, 2005, the government denied Brickwood's claim.

51. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**INSTALL TEMPORARY DRIVEWAY**

52. Brickwood incorporates paragraphs 1-51 of the Complaint as if fully set forth herein.

53. During construction, Brickwood encountered changes, including the location for constructing the driveway at the Chlorine Building.

54. Brickwood incurred additional costs to construct a driveway at the Chlorine Building due to government changes.

55. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

56. By letter dated February 16, 2005, the government denied Brickwood's claim.

57. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**FLOW SENSOR**

58. Brickwood incorporates paragraphs 1-57 of the Complaint as if fully set forth herein.

59. During construction, Brickwood encountered changes, including the ability to utilize the specified flow sensor.

60. The government-specified flow sensor could not attach to the watermain.

61. Brickwood incurred additional costs to install a flow sensor that would attach to the watermain.

62. By letter dated January 7, 2005, Brickwood submitted to the government a certified claim for payment.

63. By letter dated February 16, 2005, the government denied Brickwood's claim.

64. The government's actions violate its obligations under the Contract.

**CAUSE OF ACTION – BREACH OF CONTRACT**

**GOVERNMENT INTERFERENCE WITH ABILITY TO PERFORM**

65. Brickwood incorporates paragraphs 1-64 of the Complaint as if fully set forth herein.

66. During construction, Brickwood encountered differing site conditions and other changes. Upon the occurrences, Brickwood sought information and responses from the government. The government has failed to timely respond to Brickwood's requests, or insufficiently responded to Brickwood's requests. Such action and/or inaction by the government interfered with Brickwood's ability to perform on the Contract.

67. The government appears to contend Brickwood should have performed exterior painting and associated work during the winter. This was not possible due to freezing temperatures and its effect on water storage. Brickwood advised the government in writing on August 4, 2004, August 28, 2004, September 27, 2004, and October 1, 2004 of the government's actions and/or inactions and their impact on Brickwood's ability to perform, including the ability to perform work during the winter. Brickwood advised in writing that it would need to return in the spring of 2005 to complete the work.

68. The government further interfered with Brickwood's surety relationship, thereby affecting Brickwood's ability to perform on the Contract.

69. Such actions and/or inactions by the government caused damage to Brickwood in an amount to be proven at trial.

70. The government's actions violate its obligations under the Contract.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays for relief as follows:

1. Judgment against the United States in an amount not less than $346,115.45, the exact amount to be proven at trial;

2. Such other and further relief as the court deems just, necessary, and proper.

DATED this 22nd day of April, 2005.

PRESTON GATES & ELLIS LLP

By /s/ Derek D. Crick _____________
Derek D. Crick, WSBA #28759
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: (206) 623-7580
Fax: (206) 623-7022
derekc@prestongates.com

Counsel of Record for
BRICKWOOD CONTRACTORS, INC.

OF COUNSEL:

Mark G. Jackson
Kevin A. Rosenfield
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580
(206) 623-7022

April 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all parties of record.

/s/_Judy Goldfarb____________________
Judy Goldfarb