IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRICKWOOD CONTRACTORS, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-271C |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, the United States, respectfully requests, pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"), that this action be dismissed because of plaintiff Brickwood Contractors, Inc. ("Brickwood")'s failure to prosecute and failure to comply with RCFC 83.1(c)(8).

Brickwood, a Virginia corporation (Compl. ¶ 2), has not been represented by counsel since May 11, 2005. On that date, the Court granted the motion of Brickwood's original attorney, Derek Crick, to withdraw.

RCFC 41(b) authorizes the Court to dismiss an action for failure by the plaintiff to prosecute. RCFC 83.1(c)(8) states: "A corporation may only be represented by counsel." This action should be dismissed because no attorney has appeared to prosecute this case on behalf of Brickwood in the seven weeks that have elapsed since Mr. Crick's withdrawal.

It is well-established that if a corporate plaintiff fails to obtain an attorney, it is appropriate for the Court to dismiss the action. The United States Court of Appeals for the Federal Circuit so held in <u>Talasila, Inc. v. United States</u>, 240 F.3d 1064 (Fed. Cir. 2001). In that case, counsel for a corporate plaintiff withdrew, and the corporation's sole shareholder, who was

not an attorney, sought permission to represent the corporation. This Court denied the request and dismissed the action, and the Court of Appeals for the Federal Circuit affirmed, emphasizing that "[t]he requirement of Rule 81(d)(8) that a corporation be represented by an attorney in the Court of Federal Claims is clear and unqualified, and the plain language of the rule does not contemplate exceptions . . . ." 240 F.3d at 1067. See also Sermor, Inc. v. United States, 13 Cl. Ct. 1, 5 (1987) (dismissing action because corporation was not represented by counsel); Whited v. United States, 230 Ct. Cl. 963, 964 (1982) (same).

We did not object to the withdrawal of plaintiff's counsel, nor did we raise a concern over a reasonable amount of time for plaintiff to obtain new counsel. At this time, however, it appears that plaintiff is not prepared to prosecute this suit. Accordingly, if an attorney does not appear on behalf of plaintiff in response to this motion, this action should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Roger A. Hipp
ROGER A. HIPP
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0277
Fax: (202) 307-0972

July 1, 2005

Attorneys for Defendant

Certificate Of Filing And Service

I hereby certify that on July 1, 2005, a copy of the foregoing "Defendant's Motion To Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that on this date I caused to be placed in the United States mail (first-class mail, postage paid) a copy of the foregoing "Defendant's Motion To Dismiss" addressed as follows:

Brickwood Contractors, Inc.
11304 Industrial Road
Manassas, VA 20109

s/Roger A. Hipp