**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **BRICKWOOD CONTRACTORS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-271C** |
| | ) | **Chief Judge Damich** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

MOTION BY COUNSEL FOR LEAVE TO WITHDRAW FROM REPRESENTATION OF PLAINTIFF BRICKWOOD CONTRACTORS, INC.

COMES NOW, Hilary S. Cairnie and the Law Firm of Vorys, Sater, Seymour and Pease LLP ("Vorys"), counsel for Plaintiff Brickwood Contractors, Inc. ("Plaintiff"), pursuant to Rule 83.1(c)(6) of the Rules of the Court of Federal Claims and asks this Court that it grant undersigned counsel leave to withdraw from representation of the Plaintiff in this matter. In support thereof, undersigned counsel states as follows:

1. Plaintiff filed its complaint on March 2, 2005, and its amended complaint on April 22, 2005. Defendant answered the amended complaint on September 6, 2005.

2. On May 2, 2005, Plaintiff's prior counsel, Derek D. Crick of Preston, Gates and Ellis, LLP, filed a Motion For Leave to Withdraw as Plaintiff's counsel. An Order terminating Mr. Crick's representation of Plaintiff was granted on May 11, 2005.

3. Plaintiff retained Hilary S. Cairnie of the law firm Vorys, Sater, Seymour, and Pease, LLP on August 2, 2005, to serve as counsel of record in this matter. Plaintiff's Motion for Leave to Change Plaintiff's Attorney was subsequently granted.

4. Undersigned counsel wishes to withdraw from representation due to concerns over Plaintiff's failure to pay or make arrangements to pay or for substantial legal fees incurred for services rendered on issues related to the contract at issue in this case. Counsel has been unable to resolve the unpaid fees to the satisfaction of the Firm By failing to pay its invoices for legal services, Plaintiff has impaired counsel's ability to continue representation in this matter.

4. In accordance with Court of Federal Claims Rule 81.3(c)(6), Plaintiff was served written notice on October 7, 2005, by electronic mail and U.S. Mail that undersigned counsel would be filing a motion for leave to withdraw as counsel of record. The letter is attached to this Motion as Exhibit A.

## CONCLUSION

Based on the foregoing, undersigned counsel respectfully requests that this Court grant its motion to withdraw.

Hilary S. Cairnie, Esq.
Vorys, Sater, Seymour and Pease, LLP
1828 L Street, N.W., Eleventh Floor
Washington, D.C. 20036
Phone: (202) 467-8888
Fax: (202) 533-9026
hscairnie@vssp.com

Counsel of Record
*Brickwood Contractors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, I understand, will send notification of such filing to all parties of record by operation of the Court's electronic filing system Parties may access this filing through the Court's system.

I also certify that on this 14th day of October, 2005, a true and accurate copy of the foregoing was sent by first class mail, postage pre-paid, to:

Peter Kalos
President
Brickwood Contractors, Inc.
c/o BCI Construction of Manassas
11304 Industrial Road
Manassas, VA 20109

Hilary S. Cairnie



10/17/2005 - 807892

HSC COPY

Vorys, Sater, Seymour and Pease LLP
1828 L Street NW • Eleventh Floor • Washington, D.C. 20036-5109 • Telephone (202) 467-8800 • Facsimile (202) 467-8900

Hilary S. Cairnie
Direct Dial (202) 467-8888
Facsimile (202) 533-9026
E-Mail - hilary@vssp.com

October 7, 2005

**VIA FACSIMILE**

Peter Kalos
President
BCI Construction of Manassas, VA
11304 Industrial Road
Manassas, VA 20109-3910

Re: Termination of Engagement – Notice of Withdrawal of Counsel of Record, *Brickwood v. United States*, COFC No. 05-271C

Dear Peter:

As you know, BCI has failed to abide by the terms of our engagement agreement under which all invoices are due upon receipt. Our invoices from as far back as August 14, 2005 remain unpaid. Brickwood has made no effort of which we are aware to pay its obligations or to make arrangements for payment over time. Our many, many efforts to speak with you about your account were neglected or outright ignored by you and Veron. On at least two occasions you requested and we scheduled meetings only to have you cancel them.

You have requested a meeting with me on Tuesday, October 11, 2005, and I am happy to meet with you at 9:00 a.m. If the issues regarding your account and my reservations regarding the engagement are not resolved to the satisfaction of the Firm at that time, then, given the foregoing considerations as well as others which I refrain from raising at this time, the Firm is terminating its engagement with Brickwood, effective October 11, 2005.

We have, concurrent with the issuance of this letter to you, prepared for filing with the Court of Federal Claims our motion requesting leave of Court to withdraw as counsel of record in your claim appeal. By prior correspondence we have informed you of the October 24, 2005 deadline for working with DOJ counsel to prepare a joint preliminary status report. You have sufficient time between now and then to retain substitute counsel and prepare the necessary report. IF YOU ELECT NOT TO RETAIN COUNSEL, YOU SHOULD EXPECT THAT THE

COURT WILL DISMISS YOUR CLAIM APPEAL AS ALL CLAIM APPEALS MUST BE PROSECUTED BY COUNSEL OF RECORD.

As required by COFC Rule 83:1, we are providing you with written notice of our intention to file the enclosed motion to withdraw as counsel of record in the case of *Brickwood v. United States*, COFC No. 05-271C. The enclosed motion will be filed with the Court on Wednesday, October 12, 2005.

If the Firm elects, in its sole discretion, to revoke this termination letter, we will so advise under separate letter. It goes without saying, but we say it anyway, that the Firm reserves all right relative to collection of the overdue fees and expenses.

Sincerely,

Hilary S. Cairnie

HSC/hsc

Enclosure